[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2006
THOMAS K. KAHN
CLERK

No. 06-11871
Non-Argument Calendar

_____

D. C. Docket No. 05-00362-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO RANDOLFO JIMINEZ-GALAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 8, 2006)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Antonio Randolfo Jiminez-Galan appeals his 135-month sentence after he

pled guilty without a plea agreement to drug trafficking offenses. He was a member of a four-member crew caught on a fishing vessel with 3,900 kilograms of cocaine hidden in a secret compartment. He asks that we vacate his sentences and remand the case for re-sentencing for two reasons: (1) the district court, in calculating his sentencing range, misapplied U.S.S.G. § 3B1.2(b) by refusing to give him a minor-role reduction in his base offense level because he was a mere courier; and (2) his sentence is unreasonable.

## I.

Jiminez-Galan contends that he was entitled to a minor-role reduction. Section 3B1.2(b) permits the district court to decrease a defendant's base offense level if it finds that the defendant was less culpable than his co-defendant. To apply a mitigating role reduction, the district court must determine that the defendant played a relatively minor role in the relevant conduct for which he was held accountable. *United States v. De Varon*, 175 F.3d 930, 944 (11th Cir. 1999) (en banc). In making this determination, the court may consider, for example, the amount of drugs involved, the fair market value of the drugs, the amount of money to be paid to the courier, the courier's equity interest in the drugs, the courier's role in planning the criminal scheme, and the courier's role in distributing the drugs. *Id*. at 945. The amount of drugs involved may be dispositive in the extreme

situation. *Id*. at 943. Also, the district court may compare the defendant's culpability to that of the majority of the other participants who are identifiable from the evidence and who participate in the defendant's relevant conduct. *Id*. at 944.

We review the district court's finding concerning the defendant's role in the offense for clear error. *Id*. at 937. The defendant bears the burden of proving that he played a minor role by a preponderance of the evidence. *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

Jiminez-Galan argues that he was entitled to a minor-role reduction for a number of reasons, primarily: (1) he did not know the exact amount of cocaine on the vessel; (2) he was simply a mule who had no financial interest in the cocaine; (3) he did not help plan the trafficking conspiracy; (4) he did not know the ultimate destination of the cocaine; and (5) other district judges have sentenced similarly situated defendants below the guidelines imprisonment range in other cases.

We find no error in the district court's conclusion that Jiminez-Galan failed to carry his burden under § 3B1.2(b). The district court held Jiminez-Galan accountable at sentencing for trafficking 3,900 kilograms of cocaine, or the amount discovered on the fishing vessel on which he was arrested. The record supports that he took part in the essential tasks of loading, secreting and guarding the

cocaine on the vessel. Furthermore, the only identifiable participants in this trafficking conspiracy were a small number of crew members whose jobs on the vessel, save that of the captain, were loading and secreting the cocaine, like Jiminez-Galan. Therefore, the district court did not clearly err in declining to apply a minor-role reduction.

## II.

Jiminez-Galan next contends that the sentence is unreasonable because it is greater than necessary to achieve the purposes of sentencing set out in 18 U.S.C. § 3553(a). His sentence of 135 months' imprisonment, to be served concurrently and followed by 3 years of supervised release, was within the guideline range of 135-168 months, but at the low end of it. Jiminez-Galan says it should have been lower than that because (1) he was a poor man from an impoverished country; (2) he had a wife who suffered from cancer and needed money for medical care; and (3) recidivism was not a major issue since he was 51 years old and would be deported.

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), sentencing requires two steps. First, the district court must correctly calculate the guidelines imprisonment range. Secondly, the court must impose a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a). These

factors include the available sentences, applicable guidelines range, nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense and needed medical care. 18 U.S.C. § 3553(a). We have said, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one", even though a sentence within the sentencing guidelines range will not be considered per se reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The burden of proving that the sentence is unreasonable in light of the record and these factors rests on the challenger. *Id*.

The district court correctly calculated Jiminez-Galan's guidelines imprisonment range. The district court also heard Jiminez-Galan's and the government's arguments concerning the § 3553(a) factors at the sentencing hearing. Upon imposing its sentence, the district court noted that it had considered these factors. Likewise, in its statement of reasons, the district court noted that these factors influenced the sentence imposed. Furthermore, Jiminez-Galan's sentence is at the low end of the guidelines imprisonment range, and each of his co-defendants who requested a mitigating role reduction was also denied the reduction. We find, therefore, that Jiminez-Galan has failed to prove that his

sentence was unreasonable.

Finding no reversible error as to either issue presented, Jiminez-Galan's sentence is affirmed.

**AFFIRMED.**